# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| VERONICA COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Joan B. Gottschall |
| v. | ) | |
| | ) | No. 12 C 9555 |
| FOX HOME CENTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

On June 3, 2013, Plaintiff Veronica Collins filed a nine-count amended complaint against Defendant Fox Home Center ("Fox Home"), alleging discrimination and retaliation, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. (the "ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), 42 U.S.C. § 1981, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (the "ADA"), and the Illinois Human Rights Act (the "IHRA"); harassment and failure to accommodate, in violation of the ADA and the IHRA; and retaliation, in violation of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*. Now before the court is Fox Home's motion to dismiss and strike several counts of the amended complaint pursuant to Federal Rules of Procedure 12(b)(1), 12(b)(6), and 12(h). Fox Home argues that the claims in Counts II, IV, V, VI, and VIII were not part of the charge Collins filed with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"), and that she has thus failed to exhaust her administrative remedies as to those claims. Fox Home further argues that Count IX is time-barred. For the reasons explained below, the court grants the motion to dismiss Counts II, IV (insofar as it asserts Title VII and IHRA claims), VI, VIII, and IX. The motion is denied as to Count V.

# I. FACTS

The court assumes the truth of Collins's factual allegations in the amended complaint. *See Munson v. Gaetz*, 673 F.3d 630, 632 (7th Cir. 2012). The court also considers "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in the brief opposing dismissal, so long as those "new elaborations are consistent with the pleadings." *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

Collins is an African-American woman who was born in 1956. She was hired by Fox Home in September 2005 as a kitchen designer. At the time, she had over four years of experience and training as a kitchen designer. Collins suffered from arthritis and diabetes that limited her ability to walk, stand, and climb stairs.

When Collins joined Fox Home in 2005, the company employed two other kitchen designers, both white and not disabled. One was over forty, but he was soon terminated. The other kitchen designers employed between 2005 and 2009 were all under forty. Just before Collins's termination, Fox Home hired another kitchen designer who was under forty, not black, and not disabled. Fox Home employed no black employees other than Collins.

Collins assisted Fox Home's customers with kitchen remodeling projects. Her duties included measuring kitchen spaces, designing kitchen layouts, and advising customers regarding kitchen products. She was praised for her work and received no negative reviews or evaluations between 2005 and 2009. Collins reported to Fox Home's owners, John and Mike Laird, and to Jacqueline Laird, who was part of Fox Home's management team.

Collins alleges that Fox Home denied her an equal opportunity to earn sales commissions. She spent several weeks working at a temporary desk in 2007, while her

colleagues were given new work spaces with functioning computers and telephones. Service desk personnel referred customers to other kitchen designers, rather than to Collins. Other designers were also selected to perform design work for Fox Home's high-volume commercial customers. Fox Home failed to pay Collins commissions she had earned and gave other designers commissions for sales for which she was responsible.

Collins also alleges that she was denied reasonable accommodations for her disability. In 2007, she began suffering pain and difficulty walking, standing, and climbing stairs. Fox Home's management accused her of scratching the showroom floor with her cane and a walker. The walker she was using disappeared from her desk and was never found. Because of her disability, Collins could not rush to greet customers as they entered the store. She asked to be moved to a desk closer to the front of the store, but the company refused, keeping her desk at the back of the store. Fox Home hired a new, non-disabled designer and placed her at a desk near the front of the store.

Collins further alleges that she was subjected to harassment due to her disability, including through the disappearance of the walker. When she asked a stock employee to escort a customer to the second floor, the employee yelled at her, "don't you ever ask me to do your job again." (Am. Compl. ¶ 37, ECF No. 40.) Collins complained to Mike Laird, but no action was taken against the employee. Collins alleges that she was once using a restroom in the back of a temporary Fox Home building when the lights were turned out. She thought she was being locked in and called Mike Laird. He responded, "Okay," but did not come to her assistance. Collins claims that, given her disability, she could have been injured while attempting to make her way out in the darkness. She alleges that other employees laughed at her distress and that Mike and John Laird did nothing to stop them.

Collins repeatedly complained to John and Mike Laird in 2008 and 2009 that she was being treated unfairly, but they did not investigate her complaints. Collins contends that Fox Home disciplined her in retaliation for her complaints. She was given a warning letter on April 7, 2009, for failing to attend a training session, which was not mandatory. Other employees who were white, under forty, and not disabled were not issued a similar warning for not attending trainings. The letter also accused Collins of yelling and complaining loudly, which she denies doing, and of achieving only 58% of the sales of the other kitchen designers in January and February 2009 and only 42% of their sales in 2008. Collins states in her complaint that her sales "always comprised a percentage of the average sales of her counterparts – due to the systemic and discriminatory practices designed to prevent [her] from earning more commissions." (*Id.* at ¶ 54.) She alleges that similarly situated employees who did not complain of unfair treatment were not disciplined or written up.

In 2009, Collins requested time off under the FMLA for hip surgery. She took FMLA leave from May 5-26, 2009, followed by two weeks of part-time work, and from July 1 – August 4, 2009. She timely returned to work after the leave. While she was on leave, Fox Home reassigned her existing customers to other kitchen designers and credited them for the resulting sales, without splitting commissions with Collins, as had been the company's practice in the past.

Collins was placed on a ninety-day probation period on September 1, 2009, and was told she needed to sell at least 90 percent of the average sales of her two colleagues. She could not meet this requirement because she had to acquire new customers after her leave, and only sales that were fully paid for counted toward the requirement. Fox Home also continued to favor the other kitchen designers with customer assignments. When Collins failed to meet the sales requirement, she was terminated on December 3, 2009.

Collins filed a charge with the EEOC and the IDHR on May 25, 2010. The charge alleges that she was discharged because of her age, race, and disability. (Am. Compl. Ex. A (EEOC/IDHR Charge), ECF No. 40-1.) The charge did not include the words "harassment," "retaliation," or "failure to accommodate." (*See id.*) Collins contends that, during intake, she informed the IDHR representative who typed up the charge of all the claims contained in her complaint, but that the representative did not include all of these allegations in the charge. Collins signed the charge as drafted, in reliance on the IDHR representative's expertise and "intimation" that the charge was adequate. (Am. Compl. ¶ 71.) In July 2011, Collins attended a fact-finding conference at the IDHR, where she alleged the facts outlined above. Following the conference, Collins produced a written account of the treatment she experienced. That summary is attached to the amended complaint. The IDHR issued Collins a Notice of Dismissal on January 25, 2012. She requested that the EEOC perform a Substantial Weight Review of the dismissal and provided the EEOC with another summary of her allegations. She did not attach that document to the amended complaint. The EEOC issued Collins a Right to Sue notice on September 7, 2012. She filed a complaint in this court on November 20, 2012. Collins's motion for appointment of counsel was granted on March 15, 2013, and her appointed counsel prepared an amended complaint.

In the amended complaint, Collins alleges discrimination based on her race, age, and disability, and also alleges that Fox Home failed to reasonably accommodate her disability and to stop harassment in the workplace. The complaint includes the following counts: (I) Age Discrimination, in violation of the ADEA and the IHRA; (II) Retaliation, in violation of the ADEA and the IHRA; (III) Race Discrimination, in violation of Title VII, § 1981, and the IHRA; (IV) Retaliation, in violation of Title VII, § 1981, and the IHRA; (V) Failure to Accommodate,

5

in violation of the ADA and the IHRA; (VI) Harassment, in violation of the ADA and the IHRA; (VII) Discrimination, in violation of the ADA and IHRA; (VIII) Retaliation, in violation of the ADA and IHRA; and (IX) Retaliation, in violation of the FMLA.

## II. LEGAL STANDARD

The court treats the motion to dismiss based on the affirmative defenses of failure to exhaust administrative remedies and the statute of limitations as a Rule 12(b)(6) motion. *See Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000) (stating that failure to exhaust administrative remedies is not a jurisdictional requirement, although it is a reason for dismissal); *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) ("A statute of limitations provides an affirmative defense, and a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses. But when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate.").

For purposes of a Rule 12(b)(6) motion to dismiss, the court takes all facts alleged in the complaint as true and draws all reasonable inferences from those facts in the plaintiff's favor, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). A motion to dismiss should be granted if the plaintiff fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Finally, "a plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts." *Jackson v. Marion Cnty.*, 66 F.3d 151, 153 (7th Cir. 1995).

## III. ANALYSIS

### A. Failure to Exhaust Administrative Remedies

Fox Home argues that the following claims were not part of the charge Collins filed with the EEOC and the IDHR: Counts II (Retaliation, in violation of the ADEA and the IHRA), IV (Retaliation, in violation of Title VII, § 1981, and the IHRA), V (Failure to Accommodate, in violation of the ADA and the IHRA), VI (Harassment, in violation of the ADA and the IHRA), and VIII (Retaliation, in violation of the ADA and IHRA). Fox Home contends that Collins has thus failed to exhaust administrative remedies as to those claims and that they should be dismissed.

A plaintiff is generally required to present in her EEOC/IDHR charge any claim she wants to pursue in federal court. *See Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002) ("Generally a plaintiff may not bring claims under Title VII that were not originally brought among the charges to the EEOC."); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004) ("an employee may sue under the . . . ADA only if he files a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice"). This requirement also applies to IHRA claims. *Kaplan v. New Trier High Sch.*, No. 11 C 0981, 2011 WL 2148936, at *3 (N.D. Ill. May 31, 2011). The rule gives the employer notice of the charged conduct and allows the EEOC and the employer a chance to settle the dispute. *Peters*, 307 F.3d at 550.

A plaintiff may, however, proceed on claims not explicitly set out in a charge if the claims are "like or reasonably related" to the claims in the EEOC charge and could "be expected to grow out of an EEOC investigation of the charge." *Id*. (internal quotations marks and citation omitted). "[T]he EEOC charge and the complaint must, at minimum, describe the same conduct

and implicate the same individuals." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994).

When faced with an exhaustion issue, the court is not necessarily limited to considering only the body of the charge. Additional documents "may be considered when it is clear that the charging party intended the agency to investigate the allegations." *Id.* at 502. But the "additional allegations cannot expand the scope of the allegations in [the] original charge; they [may only] 'clarify or amplify' the allegations in the charge." *Id.* at 503 (quoting 29 C.F.R. § 1601.12). Moreover, the court cannot consider "properly filed" claims that were "orally communicated to the agency, but omitted through the latter's fault." *Vela v. Vill. of Sauk Vill.*, 218 F.3d 661, 665 n.2 (7th Cir. 2000).

The court begins by examining the EEOC/IDHR charge itself. Collins's charge states, in relevant part:

> I. . . . DISCHARGE – DECEMBER 3, 2009, BASED ON MY AGE, 53 . . .
>
>> 1. My age is 53.
>>
>> 2. . . . . My work performance as a kitchen and bath designer met Respondent's legitimate expectations.
>>
>> 3. On December 3, 2009, I was discharged. The reason given . . . was that I failed to meet Respondent's sales quota.
>>
>> 4. A similarly situated younger, employee, Tammy . . . whose job performance was comparable to mine was not discharged. My position was given to P. Eka Sukmawati (30's), Designer. . . . .
>
> IV. . . . DISCHARGE – DECEMBER 3, 2009, BASED ON MY RACE, BLACK . . .
>
>> 1. My race is black. . . . .
>>
>> 4. A similarly situated non-black employee, Tammy . . . whose job performance was comparable to mine was not discharged. My position was given to a non-black employee P. Eka Sukmawati.
>
> III. . . . DISCHARGE—DECEMBER 3, 2009, BASED ON MY PHYSICAL DISABILITY, HIP DISORDER
>
>> 1. I am an individual with a disability as defined within Section 1-103(I) of the Illinois Human Right Act.

8

>   2. Respondent is aware of my disability.
>
>   3. On December 3, 2009, I was discharged. The reason given . . . was that I failed to meet Respondent's sales quota.
>
>   4. My disability is unrelated to my ability to perform the essential functions of my job.

(Am. Compl. Ex. A.)

The EEOC charge does not indicate that Collins made a complaint and suffered retaliation as a result. Nor does it indicate that she was harassed because of her disability. It states that she was discharged because of her hip disorder but does not specifically claim that Fox Home failed to accommodate her disability.

Complaining of disparate treatment or wrongful discharge is insufficient to exhaust administrative remedies as to retaliation, harassment, or failure-to-accommodate claims. *See Swearingen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 864-65 (7th Cir. 2010) ("Normally, retaliation and discrimination charges are not considered like or reasonably related to one another.") (internal quotation marks omitted); *Green v. Nat'l Steel Corp., Midwest Div.*, 197 F.3d 894, 897 (7th Cir. 1999) ("A claim for failure to accommodate is separate and distinct under the ADA from one of disparate treatment because of a disability."); *Kaplan*, 2011 WL 2148936, at *3 (failure to accommodate claim exceeded the scope of EEOC charge alleging discrimination).

Collins points out that she did not type the charge herself and filed it pro se. She later submitted a summary to the EEOC in an effort to substantiate her claims. The court will consider whether the allegations in the summary "clarify or amplify" the allegations in the charge so as to put the EEOC, the IDHR, and Fox Home on notice of Collins's additional claims. *See Cheek*, 31 F.3d at 503.

The court has scrutinized the twenty-page summary of allegations, which lists each date on which Collins believed she was mistreated and denied opportunities for work. The summary

states that on various dates between April 2008 and November 2009, Collins was passed over for customer referrals and denied her share of commissions, in favor of other designers, and that other designers worked with her customers and took her designs. She claims that she was repeatedly "left out," was not informed about discounts and what items were in stock, and was not shown products by representatives during in-store trainings.

Collins also states that on July 19, 2008, she was in the bathroom when the lights were turned out, and she accuses other staff of turning off the lights. In March 2009, her walker was missing, and nobody helped her to look for it. She was accused of scratching the show room floor with a walker and a cane.

Collins further states that she was dissatisfied with the placement of her desk and concerned that it would affect her sales. Her desk was the last to be moved when the company relocated to a new building. In October 2009, her computer was not updated with software for several weeks, and she lost a sale when she was unable to work on a design. On October 2, 2009, another designer took a sales desk located near the front of the store, which Collins believed would have been better for her, given her disability, than the desk to which she was assigned. On October 14, 2009, she told John Laird she should have been given the desk because she was still recovering from hip surgery, and the more prominent location would have boosted her sales. He responded that the other designer had asked for it first.

On April 7, 2009, John Laird gave Collins a letter accusing her of missing a training, yelling and having loud conversations, and low sales. Other designers were not written up for failing to attend the training. On May 4, 2009, John and Mike Laird tried to pressure Collins to sign a paper, although she did not explain what the paper was. On September 3, 2009, John Laird told her that her sales were low and that her 90-day probation period had started, and said,

"Don't let me have to come after you with the greatest vengeance." On September 15, 2009, John Laird slammed books down on Collins's desk while she was talking to a customer.

Even liberally construing this summary of allegations, Collins did not put the EEOC, the IDHR, and Fox Home on notice that she claimed to have been subjected to harassment or retaliation. With respect to her harassment claim, Collins lists in the summary various times when she believes she was mistreated, but she does not connect these incidents to her disability, so as to suggest that she was subjected to harassment on the basis of her hip disorder. Her complaints about customer referrals, commissions, and being "left out" are not obviously connected to her hip disorder, so as to put the EEOC and IDHR on notice that these incidents should be investigated as "harassment." To state a claim for harassment that creates a hostile work environment, a plaintiff "must demonstrate that: (1) she was subject to unwelcome harassment; (2) the harassment was based on her [protected status]; (3) the harassment was sufficiently severe or pervasive so as to alter the conditions of her employment and create a hostile or abusive atmosphere; and (4) there is a basis for employer liability." *Luckie v. Ameritech Corp.*, 389 F.3d 708, 713 (7th Cir. 2004) (citing *Williams v. Waste Mgmt. of Ill.*, 361 F.3d 1021, 1029 (7th Cir. 2004)). The only complained-of incidents which, by their nature, appear arguably related to Collins's disability are the fact that the lights were turned out while she was in the bathroom, in July 2008, and the fact that her walker went missing in March 2009. But these isolated incidents are "insufficient to show a workplace permeated with discriminatory ridicule, intimidation, and insult." *Id.* at 714. In short, the summary Collins submitted to the EEOC and IDHR by no means made it clear that she was asserting a harassment claim.

Nor is there any suggestion in the summary that Collins engaged in protected conduct by, for example, complaining about discrimination. Such claims would not naturally grow from the

11

agency's investigation of the claims in the charge, which focus on Collins's termination. The court therefore finds that Collins's ADEA, Title VII, and ADA retaliation and harassment claims in Counts II, IV, VI, and VIII are beyond the scope of her EEOC charge and must be dismissed.[1]

The dismissal of the retaliation and harassment claims is without prejudice. According to the Seventh Circuit, "the proper remedy for a failure to exhaust administrative remedies is to dismiss the suit without prejudice, thereby leaving the plaintiff free to refile his suit when and if he exhausts all of his administrative remedies or drops the unexhausted claims." *Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989). As a practical matter, of course, the 300-day window for Collins to file a charge alleging harassment and retaliation has likely expired. *See Nagle v. Vill. of Calumet Park*, 554 F.3d 1106, 1121 n.4 (7th Cir. 2009) ("In Illinois, a complainant must file a charge with the EEOC within 300 days of the alleged discriminatory act and failure to do so renders the charge untimely.").

As to the ADA failure-to-accommodate claim in Count V, the court finds that the allegations in the charge, as clarified by the summary submitted to the EEOC, could support a failure-to-accommodate claim. Collins alleges in the charge that she was disabled but was able to perform the essential functions of her job. She was discharged for failing to meet Fox Home's sales quota. In the summary, she explains that she requested to be placed at a desk near the front of the store to accommodate her limited mobility, but that the request was not granted. Although the court expresses no opinion on whether Collins can ultimately prevail on her failure-to-accommodate claim, the claim could reasonably have developed from the EEOC's investigation

---

[1] Count IV also asserts a retaliation claim pursuant to § 1981, which does not require a plaintiff to file a charge before bringing a claim in federal court. *Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 539 (7th Cir. 2007). As Fox Home has not challenged the sufficiency of the § 1981 retaliation claim, that portion of Count IV is not dismissed.

of the charges before it.  *See Cheek*, 31 F.3d at 201.  Fox Home's motion to dismiss Count V as outside the scope of Collins's charge is therefore denied.

**B. Statute of Limitations**

Fox Home argues that Collins's FMLA claim in Count IX should be dismissed because it was asserted on June 3, 2013, more than three years after her termination on December 3, 2009.  The FMLA provides a two-year statute of limitations, unless the violation was willful, in which case the statute of limitations is three years.  29 U.S.C. § 2617(c).

Collins argues that the claim relates back to her original complaint, filed on November 30, 2012, within the three-year statute of limitations.  Fox Home responds that the claim cannot relate back because the allegations supporting a claim for FMLA retaliation were not alleged in the original complaint.  The original complaint did not indicate that Collins took FMLA leave or that Fox Home's actions resulted from the exercise of her rights under the FMLA.

Collins's original (form) complaint alleges discrimination based on age, color, disability, national origin, race, and sex.  (Compl., ECF No. 1.)  She wrote that Fox Home "discriminated based on age, sex, race, citizenship status, physical disability, allowing unfair and inhuman action in the work place[,] hostile intimidating threats."  (*Id.*)  With respect to her medical issues, she stated, "My disability of needing two Hip replacements wasn't accommodated[,] my walker came up missing the day of the Grand Opening," and a younger designer's "desk was moved to the front . . . , which would have accommodated my disability and increased my sales."  (*Id.*)

Under Federal Rule of Civil Procedure 15(c)(1)(B), a claim may relate back to the date of an earlier pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  Here, the complaint mentions that Collins had two hip

replacements but does not mention that she took FMLA leave. Nor does it indicate that Collins was absent from work or needed surgery during the time period at issue. In other words, nothing in the original complaint notified Fox Home that it could be subject to an FMLA claim. Thus, the FMLA claim did not arise out of the conduct at issue in the complaint. Count IX is time-barred and is dismissed accordingly.

## IV. CONCLUSION

Defendant Fox Home's motion to dismiss the amended complaint is granted in part and denied in part. Counts II, VI, and VIII are dismissed without prejudice. Count IV is dismissed without prejudice insofar as it asserts Title VII and IHRA claims. Count IX is dismissed as time barred. The motion is denied as to Count V.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: February 4, 2014